UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

### JS-6 / REMAND

| Case No. | CV 12-10408-GW(AJWx) | Date | December 14, 2012 |
|---|---|---|---|
| Title | *James Howard, et al. v. Wells Fargo Bank, N.A., et al.* | | |

| Present: The Honorable | GEORGE H. WU, United States District Judge |
|---|---|

| Javier Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**       (IN CHAMBERS):  **ORDER REMANDING ACTION TO STATE COURT**

  The Court is in receipt of a Notice of Removal filed by defendant Wells Fargo Bank, N.A. ("Defendant") on December 5, 2012, pursuant to 28 U.S.C. §§ 1332, 1441(b).  *See* Docket No. 1.  Defendant asserts that this Court has subject matter jurisdiction over the matter solely on the basis of diversity jurisdiction.  *Id.*

  Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, Defendant bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

  Plaintiff is an individual citizen of California.  *See* Docket No. 1 at 1.  Defendant is a national banking association.  *Id.* at 2.  Although the Notice of Removal asserts that there is complete diversity, Defendant only alleges its citizenship based upon the location of its main office, citing to the Supreme Court's decision in *Wachovia Bank v. Schmidt*, 546 U.S. 303, 313-14 (2006), for the proposition that a national banking association's main office location is its only source of citizenship.  *See* Docket No. 1 at 3-5.  Defendant makes no allegations concerning the location of its principal place of business.

  However, this Court recently joined many of its sister courts in holding that *Schmidt* left open the question of whether a national banking association is a citizen of the state of its principal place of business, in addition to the state of its main office.  *Mojica v. Wells Fargo Bank, N.A., et al.*, CV 12-1608-GW-AGR, Docket No. 12.  *See also Rouse v. Wachovia Mortg., FSB*, No. EDCV 11-928 DMG (DTBx), 2012 U.S. Dist. LEXIS 6962, at *42 (C.D. Cal. Jan. 13, 2012) (finding that Wells Fargo is a citizen both of South Dakota and of California).  Further, this Court has held that in the absence of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**JS-6 / REMAND**

contrary controlling authority[1], the principal place of business of a national banking association does give rise to citizenship for jurisdictional purposes. *Mojica*, CV 12-1608-GW-AGR, Docket No. 12 at 2 (listing cases holding that a national banking association has the dual citizenship of its main office location and its principal place of business).

    The Court notes that many recent cases have found that Wells Fargo's principal place of business is California, which fact has not been disputed by Wells Fargo in other litigation in which this issue has arisen, including *Mojica*. *See id.* (listing cases where Wells Fargo has stipulated or the Court has found that its principal place of business is California). Defendant, who bears the burden of proving that subject matter jurisdiction exists, has not included any allegations that its principal place of business is anywhere other than California; given the aforementioned caselaw and the fact that Plaintiff is a California citizen, the Court finds that the parties in this case are not diverse. In addition, given that Defendant Wells Fargo is a citizen of California, the forum state, Wells Fargo cannot properly remove the case from state court. *See* 28 U.S.C. § 1441(b)(2).

    Thus, the Court finds that Wells Fargo's allegations in its notice of removal are insufficient to establish the Court's removal jurisdiction by virtue of diversity jurisdiction, and Defendant has failed to meet its burden of showing that subject matter jurisdiction exists.

    The Court hereby remands this action to the Superior Court of the County of Los Angeles. Defendant Wells Fargo's Motion to Dismiss Complaint, Docket No. 9, is thereby rendered moot; and the Scheduling Conference is vacated and taken off calendar.

Clerk's Initials: KTI

---

[1] The Ninth Circuit has yet to address the issue. *See Goodman v. Wells Fargo Bank, N.A.*, No. CV 11-2685 JFW, 2011 U.S. Dist. LEXIS 63165, at *6 (C.D. Cal. June 1, 2011); *Rouse*, CV 11-928-DMG(DTBx), Docket No. 50 (notice of appeal filed concerning remand order based on the issue of a national banking association's dual citizenship). The Court is aware that other district courts within the Ninth Circuit and the only federal appellate court to have considered the issue have reached the contrary conclusion and found that a national banking association's principal place of business does not give rise to citizenship for the purposes of jurisdictional analysis. *See, e.g., Wells Fargo Bank N.A. v. WMR e-PIN LLC*, 653 F.3d 702, 706-10 (8th Cir. 2011); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1124 (N.D. Cal. 2010); *Kasramehr v. Wells Fargo Bank N.A.*, CV 11-0551 GAF, 2011 U.S. Dist. LEXIS 52930, at *3 (C.D. Cal. May 17, 2011); *Tse v. Wells Fargo Bank, N.A.*, No. C10-4441 THE, 2011 U.S. Dist. LEXIS 6796, at *7 (N.D. Cal. Jan. 19, 2011).